**Max Prosk, et al., Plaintiffs-Appellants, v. The Allstate Insurance Co., a Corporation, Defendant-Appellee.**

**Gen. No. 51,445.**

First District, First Division.

April 24, 1967.

Block, Levy & Becker and Edward M. Platt, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann & Horan, of Chicago (John M. Moelmann and D. Kendall Griffith, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs seek coverage under the uninsured motorist provision of their insurance policy and a declaration that the policy's definition of "hit-and-run automobile" is null and void to the extent that it requires physical contact between the unidentified automobile and the automobile which the insured is occupying. The court allowed defendant's motion for judgment on the pleadings and a stipulation. Plaintiffs appeal.

Plaintiffs' policy was dated February 27, 1964, and the complaint alleged that on January 3, 1965, while plaintiff, Max Prosk, was operating his automobile, with his wife, Anna Prosk, as a passenger, the plaintiffs "were caused and forced to strike" a parked truck "by an unknown and unidentified driver of an unknown automobile which automobile continued on after causing said collision." It was stipulated that "there was no contact between the automobile being operated by Max Prosk and in which Anna Prosk was a passenger, and the unknown automobile operated by an unknown driver, which is referred to in paragraph 8 of the plaintiffs' complaint."

Plaintiffs' insurance policy included "Protection Against Bodily Injury By Uninsured Automobiles" and a definition that "hit-and-run automobile" means "an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident . . . ."

It is plaintiffs' theory that they sustained injury by a "hit-and-run" driver within the statutory meaning of the provisions of section 755a, "Uninsured or hit-and-run motor vehicle coverage" (Ill Rev Stats 1963, c 73), and therefore they are entitled to recover damages under their insurance policy, notwithstanding its "physical contact" proviso.

Plaintiffs argue that a "hit-and-run" provision which requires a physical contact with the insured's automobile in order to be entitled to coverage "is an attempt to dilute

and diminish the very protection which our legislature has decreed be made available to the motoring public," and "when a statute provides that every policy of insurance contain a certain provision and the policy either fails to contain that coverage, or dilutes that coverage, the policy provision will be disregarded and the statute read into its place."

Plaintiffs' authorities include 22 ILP, Insurance, § 156, p 209:

> "The fact that a statute requires inclusion of an omnibus clause in a liability insurance policy makes such inclusion mandatory, and the provisions thereof will be read into the liability policy to broaden the coverage consistent with a clear public policy reflected in the statute."

In Konrad v. Hartford Accident & Indemnity Co., 11 Ill App2d 503, 137 NE2d 855 (1956), the court said (p 514):

> "The statutory omnibus clause, in any event, must be, under the circumstances here, considered as voluntarily adopted by the insurer and written into this policy, and if there be any real differences between that and the similar clause stated in the policy . . . , the statutory omnibus clause must control."

 We agree with plaintiffs that the foregoing authorities demonstrate that any attempt by defendant to dilute or diminish statutory provisions applicable to its contract of insurance is contrary to public policy, and a conflict between statutory and policy provisions should be resolved in favor of the statutory provisions. We further agree that in the construction of a statute, it is proper for the court to look at the evils to be remedied and the objects and purposes to be obtained, and a statute enacted to meet a need of the people shall be liberally construed in order that the true intent and meaning of the General Assembly may be carried out.

Plaintiffs' determinative contention is that the term "hit-and-run vehicle," as used in the statute, "is not limited to an accident requiring physical contact between the vehicles." Plaintiffs' authorities include a number of language and dictionary definitions to show that the "hit-and-run" expression "is a twentieth century creation of the American press, borrowed from baseball journalism of the late nineteenth century." From these authorities, plaintiffs assert that the word "hit" is not associated with a physical contact.

Defendant contends that the uninsured motorist coverage provided in the instant policy is not in conflict with section 755a, and the policy must be construed as written, according to the plain meaning of the language. Citations include Canadian Radium & Uranium Corp. v. Indemnity Ins. Co. of North America, 411 Ill 325, 104 NE2d 250 (1952), where it is said (p 332):

> "The construction to be given insurance contracts, like other contracts, should be a natural and reasonable one. . . . If the language is clear, the terms are to be taken and understood according to their plain, ordinary and popular sense. . . . But because the insurer is the one who prepares the contract, ambiguous or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer."

Defendant notes that the word "hit" is defined in Webster's Third International Dictionary (1961) as "1.a: a blow striking an object aimed at—contrasted with a miss . . . . b. an impact with one thing against another: collision." Defendant asserts that the common dictionary meaning of both "hit" and "contact" require a touching of two objects, and the legislature intended to require "contact" when it used the word "hit."

After considering the arguments of both sides and the authorities cited, including out-of-state pro-

460

nouncements, we have concluded that there is no conflict between the statutory term "hit-and-run motor vehicle" and the policy requirement of "physical contact of such automobile." The language of the statute is clear and unambiguous, and the legislative intent can be ascertained from its provisions without resort to other aids for construction. (People ex rel. Nelson v. Olympic Hotel Bldg. Corp., 405 Ill 440, 444, 91 NE2d 597 (1950).) We find that the uninsured or hit-and-run motor vehicle coverage required by section 755a, c 73, was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured.

For the reasons stated, the judgment of the Circuit Court is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.