FRANCES HENDRICKS v. UNITED STATES FIDELITY AND GUARANTY
COMPANY

No. 697SC228

(Filed 18 June 1969)

**1. Insurance § 3— statutory provisions as part of the policy**
   Where a statute is applicable to a policy of insurance, the provisions
   of the statute enter into and form a part of the policy as if they were
   written into it, and a provision in the statute favorable to the insured con-
   trols over a conflicting provision in the policy.

**2. Insurance § 69— uninsured motorist policy — hit-and-run vehicles
— requirement of physical contact**
   There is no conflict between the term "hit-and-run motor vehicles" as
   used in the statute relating to uninsured or hit-and-run motor vehicle
   coverage and a policy requirement of "physical contact of such vehicle"
   with the insured or with an automobile occupied by the insured, and the
   plaintiff insured is not entitled to recover under an uninsured motorist
   policy in an action against the insurer where it is stipulated that there
   was no physical contact between the automobile operated by plaintiff and
   an automobile operated by an unidentified tort-feasor which forced plain-
   tiff's automobile from the road. G.S. 20-279.21(b)(3).

**3. Insurance § 69— purpose of compulsory uninsured motorist statute**
   The compulsory uninsured motorist statute is to be liberally construed
   to effectuate its purpose of providing, within fixed limits, some financial
   recompense to innocent persons who receive bodily injury or property dam-
   age and to the dependents of those who lose their lives through the wrong-
   ful conduct of an uninsured motorist who cannot be made to respond in
   damages.

**4. Statutes § 5— rules of construction**
   Where the language of a statute is clear and unambiguous, there is no
   room for judicial construction and the courts must give it its plain and
   definite meaning.

APPEAL by plaintiff from *Mintz, J.*, at the 9 December 1968 Ses-
sion of NASH Superior Court.

In her complaint, plaintiff alleges: On 13 March 1968, she was
insured under the terms of a policy of insurance issued by the de-
fendant providing uninsured motorist coverage. On said date, she
was traveling east on R.P.R. 1770 in Nash County. As plaintiff ap-
proached a vehicle traveling west, a third vehicle also traveling west
drove into the eastbound lane to pass the second vehicle. In order to
avoid a head-on collision, it was necessary for plaintiff to apply her
brakes and drive onto the left shoulder and into a ditch. Serious in-
jury resulted from the negligent acts of the driver of the third car

who did not stop and whose identity plaintiff has been unable to determine. The policy of insurance was incorporated in the complaint.

Defendant answered, admitting that the policy was in effect and that plaintiff was insured under the policy, but denying that the events of 13 March 1968 were within the terms of the policy.

At the trial, all facts necessary for a determination of the controversy were stipulated, including the negligence of the unidentified motorist, the absence of contributory negligence, the terms of the policy, and that there was no physical contact between the vehicle plaintiff was operating and the automobile operated by the unidentified tort-feasor.

At the close of plaintiff's evidence, defendant's motion for nonsuit was granted. Plaintiff appealed.

*Thorp & Etheridge by William D. Etheridge and Stephen E. Culbreth for plaintiff appellant.*

*Don Evans for defendant appellee.*

BRITT, J.

**[2]** In their brief, plaintiff's counsel state the issue presented on this appeal as follows: "Under North Carolina uninsured motorist law applicable to a policy of uninsured motorist insurance issued in this State February 16, 1968, does the absence of physical contact by the vehicle operated by an insured under such policy with the vehicle of an unknown 'hit-and-run' motorist preclude recovery against the insurer for loss to the insured proximately resulting from the negligence of the unknown motorist?" Our answer is yes.

The policy definition of uninsured automobile incorporates the definition of hit-and-run automobile, which is as follows:

> "(d)   Hit-and-Run Automobile. The term 'hit-and-run automobile' means an automobile, other than one in which an Insured is a passenger, which causes an accident resulting in bodily injury to an Insured, *arising out of physical contact of such vehicle* with the Insured or with a vehicle which the Insured is occupying at the time .of the accident, * * *." (Emphasis ours)

**[1]** Despite the policy exclusion of injury occurring in the absence of contact, it is established in this State that "[w]here a statute is applicable to a policy of insurance, the provisions of the statute enter into and form a part of the policy to the same extent as if they were actually written in it. In case a provision of the policy conflicts with

a provision of the statute favorable to the insured, the provision of the statute controls." *Wright v. Casualty Co. and Wright v. Insurance Co.*, 270 N.C. 577, 155 S.E. 2d 100; *Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610. See also *Moore v. Insurance Co.*, 270 N.C. 532, 155 S.E. 2d 128.

**[2]** The applicable statute here is G.S. 20-279.21 (b) (3) which provides:

> "(3)  No policy of bodily injury liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of § 20-279.5, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles *and hit-and-run motor vehicles* because of bodily injury, sickness or disease, including death, resulting therefrom. * * * (Emphasis ours)

> In addition to the above requirements relating to uninsured motorist insurance, every policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle, which policy is delivered or issued for delivery in this State shall be subject to the following provisions which need not be contained therein.

> a.  A provision that the insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist in any manner provided by law; provided however, that the determination of whether a motorist is uninsured may be decided only by an action against the insurer alone. * * *

> b.  Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury *as the result of collision between motor vehicles* and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action against the insurer: * * *." (Emphasis ours)

A close reading of subsections "a" and "b" quoted above indi-

cates that they provide for the inclusion of certain provisions in the policy, namely, that the insurer shall be bound by a final judgment against the uninsured motorist, under certain conditions, and that suit may be against the insurer directly in case of injury from collision with an unidentifiable motorist. Therefore, if the plaintiff is included in the required statutory coverage, it is by virtue of G.S. 20-279.21 (b) (3), quoted above in material part.

[3]    This statute was enacted as remedial legislation and is to be liberally construed to effectuate its purpose, that being "to provide, within fixed limits, some financial recompense to innocent persons who receive bodily injury or property damage, and to the dependents of those who lose their lives through the wrongful conduct of an uninsured motorist who cannot be made to respond in damages." *Moore v. Insurance Co., supra;* 4 Strong, N.C. Index 2d, Insurance, § 69, p. 545.

[2]    We now come to the question, does the policy exclusion of injury occurring in the absence of contact conflict with the statute.

In *Prosk v. Allstate Ins. Co.,* 82 Ill. App. 2d 457, 226 N.E. 2d 498, 25 A.L.R. 3d 1294, with facts very similar to those in the case before us, it was held that there is no conflict between the term "hit-and-run motor vehicle," as used in the statute relating to uninsured or hit-and-run motor vehicle coverage, and a policy requirement of "physical contact of such automobile" with the insured or with an automobile occupied by the insured.

[4]    The applicable statute clearly refers to "hit-and-run motor vehicles." Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give its plain and definite meaning; *Davis v. Granite Corp.,* 259 N.C. 672, 131 S.E. 2d 335; and the courts are without power to interpolate, or superimpose provisions and limitations not contained therein. *Board of Architecture v. Lee,* 264 N.C. 602, 142 S.E. 2d 643.

We are compelled to interpret the statutes as written, leaving to the General Assembly the responsibility of writing and amending statutes.

The judgment of involuntary nonsuit entered by the superior court is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.