**Helen ABRAMOWICZ, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Defendant.**

Superior Court of Delaware, New Castle County.

Submitted Nov. 30, 1976.

Decided Jan. 24, 1977.

E. Leigh Hunt, of Abramo, Hunt & Abramo, Wilmington, for plaintiff.

Morton R. Kimmel, of Kimmel, Spiller & Bradley, Wilmington, for defendant.

STIFTEL, President Judge.

Plaintiff filed a declaratory judgment action against her insurer to recover under the uninsured motorist provision of her automobile insurance policy. Defendant insurer denied coverage and filed this motion for summary judgment.

Plaintiff's action results from injuries allegedly suffered by her when an automobile she occupied as a passenger was forced off the roadway by an unidentified motor vehicle. As a result, the vehicle in which plaintiff rode struck several parked cars causing her injuries. Both parties agree there was no physical contact between the unidentified vehicle and the vehicle which plaintiff occupied.

Plaintiff was insured by defendant at the time of the accident. As required by 18 Del.C. § 3902, the insurance policy provided uninsured motorist coverage for injury caused by an uninsured or hit-and-run motor vehicle.

Insurer has denied coverage, asserting that since the statute did not define a hit-and-run motor vehicle, the insurance policy's definition must be applied. The policy provided that "uninsured" motor vehicle included "hit-and-run" motor vehicle and that a "hit-and-run" motor vehicle was:

". . . a motor vehicle which caused an accident resulting in bodily injury to an insured or property damage arising out of physical contact of such motor vehicle with the person or property of the insured or with a motor vehicle which the insured is occupying at the time of the accident . . .".

This definition required physical contact between the unidentified motor vehicle and the insured for coverage to exist. Thus, reasoned insurer, no coverage could exist where, as here, there was no contact. The issue, which is of first impression in this jurisdiction, is whether the insurance policy's physical contact limitation is more restrictive than the mandate of 18 Del.C. § 3902, and thus, void as against public policy.

Defendant has cited numerous authorities which support its contention that the insurance policy's physical contact requirement is not void as against public policy. Indeed, the bulk of authority supports defendant's position. This Court, however, is not inclined to adopt this reasoning with its attendant results. The more recently developed minority view, which has been appearing in more and more jurisdictions, provides reasoned and equitable results that are more in keeping with the purposes of uninsured motorist protection.

Uninsured motorist protection is an area of automobile insurance coverage almost universally regulated by statute. An examination of this area must perforce begin with the existing statute. 18 Del.C. § 3902, states, in pertinent part:

"No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or .operators of uninsured or hit-and-run motor vehicles for bodily injury, sickness or disease, including death, or personal property damage resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle. Except, that no such coverage shall be required in or supplemental to a policy where rejected in writing, on a form furnished by the insurer describing the coverage being rejected, by an insured named therein, or upon any renewal of such policy unless the coverage is then requested in writing by the named insured. The coverage herein required may be referred to as 'uninsured vehicle coverage.' "

This statute does not specifically require physical contact for hit-and-run uninsured motorist coverage to inure, but it does specifically require coverage for both uninsured and hit-and-run motor vehicles. In these two particulars, it is identical to the statutes of Illinois, North Carolina, Washington and New Hampshire. These jurisdictions have produced a divergence of authority which is most representative of the unsettled nature of this area of the law.

The holding of *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498, 25 A.L.R.3d 1294 (1967), has become the leading authority supporting the majority position. There, the Court affirmed a lower court's grant of insurer's motion for judgment on the pleadings. Plaintiffs sought coverage under the uninsured motorist provision of their automobile insurance policy for injuries they allegedly sustained when their automobile was forced off the roadway by an unknown vehicle, causing them to strike a parked truck.

Plaintiffs argued that the insurance policy's requirement of physical contact was an attempt to dilute and diminish the uninsured motorist protection mandated by the statute. The Court agreed with the plaintiffs that a policy provision would be void as contrary to public policy where it diluted or diminished the statute; however, the Court did not agree that such was the case before it. As it stated:

"After considering the arguments of both sides and the authorities cited, including out-of-state pronouncements, we have concluded that there is no conflict between the statutory term 'hit-and-run

motor vehicle' and the policy requirement of 'physical contact of such automobile'. The language of the statute is clear and unambiguous, and the legislative intent can be ascertained from its provisions without resort to other aids for construction . . . We find that the uninsured or hit-and-run motor vehicle coverage required by section 755a, Ch. 73, was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified vehicle with the insured or an automobile occupied by the insured."

Accord, *Ferega v. State Farm Mutual Automobile Insurance Company*, 58 Ill.2d 109, 317 N.E.2d 550 (1974); *Finch v. Central National Insurance Group of Omaha*, 59 Ill.2d 123, 319 N.E.2d 468 (1974).

When considering a statute, a policy provision and a fact situation similar to that presently before this Court, the Court in *Hendricks v. United States Fidelity and Guaranty Company*, 5 N.C.App. 181, 167 S.E.2d 876 (1969), adopted the reasoning of *Prosk v. Allstate Insurance Co., supra*, and denied coverage where there was no physical contact between an unknown vehicle and insured's vehicle.

Jurisdictions, such as those discussed above, which require physical contact, place great emphasis on the existence of physical contact as a means of preventing fraud. While the need to prevent fraudulent claims is of concern, the public policy to prevent injustice where it previously existed in "near miss" cases is of paramount concern. The law should not make it more profitable for an ·insured to have physical contact than to avoid it by taking remedial action. The trier-of-fact is a "sifter of truth" in many actions. There is little reason it should not be in actions of this type as well. Fraudulent claims can be prevented by triers-of-fact less arbitrarily than by the strict application of a physical contact requirement.

The position of the Court sitting *En Banc* in *Hartford Accident and Indemnity Company v. Novak*, 83 Wash.2d 576, 520 P.2d 1368 (1974), recommends itself. The Court reversed a grant of summary judgment for the insurer in an action by insurer for a declaratory judgment concerning the insureds' coverage and rights under the policy's uninsured motorist provision. The insureds were injured when their vehicle was struck by a second vehicle as it swerved to avoid colliding with a third unknown and unidentifiable vehicle. The unknown vehicle did not make physical contact with either of the other two vehicles, but witnesses maintained that the accident was the unavoidable result of the unknown vehicle's actions. The issue was whether the insureds were covered when the policy required physical contact and the statute, like Delaware's, did not specifically require contact but did require coverage for both uninsured and hit-and-run vehicles. The Court specifically rejected the reasoning of *Prosk v. Allstate Insurance Co., supra.* Instead, it held that the insurance policy's physical contact requirement was against public policy and void as it was more restrictive than, and therefore, contrary to the statute. The statute did not require physical contact, and so the policy requirement diminished the scope of coverage mandated by the legislature.

The Court explained that physical contact requirements existed to preclude fraudulent claims thereby preventing recovery of damages in those instances where the injuries were the result of insured's negligence, without the intervention of another vehicle. It adopted the reasoning of *Inter-Insurance Exchange of Automobile Club of Southern California v. Lopez*, 238 Cal.App.2d 441, 47 Cal.Rptr. 834 (1965) (Hearing denied Jan. 26, 1966), which it quoted:

" 'The requirements of physical contact . . . are intended to prevent frauds, not to lessen the coverage extended to innocent motorists. We believe the

physical contact requirement, designed to prevent false claims, should not be extended to defeat recovery in cases where fraud clearly does not exist.' "

The Court in *Hartford Accident and Indemnity Company v. Novak, supra,* went on to cite *Brown v. Progressive Mutual Insurance Company,* Fla.Supr., 249 So.2d 429 (1971) (Rehearing denied July 6, 1971), favorably, when it stated:

" 'The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.' "

The most recent decision dealing with this area of the law is *Soule v. Stuyvesant Insurance Company,* N.H.Supr., 364 A.2d 883 (1976). There, the Court adopted the reasoning of *Hartford Accident and Indemnity Company v. Novak, supra,* and rejected that of *Prosk v. Allstate Insurance Co., supra.*

■ This Court adopts the reasoning of *Hartford Accident and Indemnity Company v. Novak, supra,* and its attendant cases. Uninsured motorist coverage was designed to protect innocent, injured persons who are unable to obtain recompense from negligent tortfeasors. Unquestioned reliance on physical contact requirements to defeat uninsured motorist claims would unjustifiably impede the effectuation of this legislative intent. See *De Mello v. First Insurance Company of Hawaii, Ltd.,* Hawaii Supr., 523 P.2d 304 (1974), and *Montoya v. Dairyland Insurance Company,* D.N.M., 394 F.Supp. 1337 (1975).

■ The physical contact requirement in the hit-and-run portion of the uninsured motorist provision of the automobile liability policy under consideration is more restrictive than 18 Del.C. § 3902, which does not require physical contact before a valid claim can exist. It is, therefore, against public policy.

On the basis of the foregoing, defendant's motion for summary judgment is denied.

IT IS SO ORDERED.