**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Defendant below, Appellant,**

v.

**Helen ABRAMOWICZ, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Feb. 21, 1978.

Decided May 8, 1978.

Michael Weiss of Kimmel & Spiller, Wilmington, for defendant below, appellant.

Samuel V. Abramo of Abramo & Abramo, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Plaintiff was injured in an automobile accident, and thereafter, brought a declaratory judgment action to determine whether defendant-insurer was liable for her damages suffered as a result of the accident. Defendant moved for summary judgment in the Superior Court, basing its motion on the allegation that the terms of the insurance contract excluded liability. Defendant appeals the denial of its motion;[*] we affirm.

I

Plaintiff was seriously injured when the automobile in which she was riding was forced off the roadway and into several parked cars, as a result of the alleged negligence of the operator of an unidentified motor vehicle. Neither party disputes the fact that there was no actual physical contact between plaintiff's car and the unidentified vehicle.

At the time of the accident plaintiff was insured by defendant. The insurance contract contained an uninsured motorist provision which purportedly provided the mandatory uninsured motorist protection coverage required by 18 *Del.C.* § 3902, including coverage for bodily injury and property damage caused by a hit-and-run vehicle. Defendant denies coverage and liability in the present case alleging that the accident did not involve a hit-and-run motor vehicle, defined in the insurance policy as:

> A motor vehicle which caused an accident resulting in bodily injury to an insured or property damage arising out of *physical contact* of such motor vehicle with the person or property of the insured or with a motor vehicle which the insured is occupying at the time of the accident. (emphasis added)

Relying on the above-quoted contractual provision, defendant moved for summary judgment in the Superior Court. Plaintiff argued in response to defendant's motion that the physical contact requirement in the policy was more restrictive than 18 *Del.C.* § 3902, which does not expressly require physical contact, and, therefore, the policy limitation is void as against the public policy expressed in § 3902.

II

■ The denial of defendant's motion being interlocutory is appealable only if:

> "there has been the determination of a substantial issue and the establishment of a legal right." *Gardinier, Inc. v. Cities Service Co.,* Del.Supr., 349 A.2d 744 (1975) and cases cited therein.

We find that the ruling in this case determined a substantial issue, viz., the validity of a contract provision essential to the position of the parties, and it established the legal right of plaintiff to recover her damages pursuant to the insurance policy, if she can prove her losses. Therefore, the order under consideration is appealable.

III

■ Protection against injuries and damages caused by uninsured motorists is an

---

[*] Opinion below at 369 A.2d 691.

area widely regulated by statute. The purpose of this type of legislation is to protect innocent persons injured by the negligence of tortfeasors who are unknown, or who have no means for recompensing the injured parties. Insurance policy provisions designed to reduce or limit the coverage to less than that prescribed by statute are void. The Delaware statute, 18 *Del.C.* § 3902, reads in its pertinent part as follows:

"No policy insured against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or hit-and-run motor vehicles for bodily injury, sickness or disease, including death, or personal property damage resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle. Except, that no such coverage shall be required in or supplemental to a policy where rejected in writing, on a form furnished by the insurer describing the coverage being rejected, by an insured named therein, or upon any renewal of such policy unless the coverage is then requested in writing by the named insured. The coverage herein required may be referred to as 'uninsured vehicle coverage.' "

The Delaware Legislature chose not to insert an express physical contact requirement into § 3902, as has been done in similar laws in other jurisdictions. See Annot., 25 A.L.R.3d 1294, 1299 (1969). No definition of 'hit-and-run motor vehicle' is contained in the Delaware statute. It is defendant's contention that the insurance policy definition is consistent with § 3902 as it clarifies the law, and is no more than a synonymous expression of "hit" as used in the statutory language hit-and-run. Defendant also contends the requirement of physical contact is necessary as a means of insuring against fraudulent claims.

Appellate courts of other jurisdictions with uninsured vehicle coverage laws similar to § 3902 have grappled with the problem of the validity of physical contact clauses, and have reached differing results. Two basic theories have emerged from the cases, one view which upholds their validity based on reasoning similar to that set forth by defendant, and an emerging view expressing the theory espoused by plaintiff. Plaintiff's position in our opinion expresses the better view.

The leading authority supporting the physical contact clauses is *Prosk v. Allstate Insurance Co.*, Ill.App., 82 Ill.App.2d 457, 226 N.E.2d 498 (1967). In *Prosk* the Illinois Appellate Court considered a factual situation identical to that in the case *sub judice*, and affirmed a lower court's grant of an insurer's motion for judgment on the pleadings based on the physical contact policy requirement. In rejecting the plaintiff's contention that the policy limitation was an attempt to dilute and diminish the uninsured motorist protection mandated by statute, the Illinois Court stated:

"After considering the arguments of both sides and the authorities cited, including out-of-state pronouncements, we have concluded that there is no conflict between the statutory term 'hit-and-run motor vehicle' and the policy requirement of 'physical contact of such automobile.' The language of the statute is clear and unambiguous, and the legislative intent can be ascertained from its provisions without resort to other aids for construction . . . We find that the uninsured or hit-and-run motor vehicle coverage required by section 755a, Ch. 73, was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified vehicle with the insured or an automobile occupied by the insured."

The Illinois Supreme Court approved the *Prosk* rule in *Ferega v. State Farm Mutual Automobile Insurance Company*, Ill.Supr.,

58 Ill.2d 109, 317 N.E.2d 550 (1974), and added the comment that the physical contact requirement was "aimed at avoidance of fraudulent claims." 317 N.E.2d 550, 552. Also see *Hendricks v. United States Fidelity and Guaranty Company,* N.C.App., 5 N.C.App. 181, 167 S.E.2d 876 (1969), and *Grace v. State Farm Mutual Automobile Insurance Company,* Neb.Supr., 197 Neb. 118, 246 N.W.2d 874 (1976).

A diametrically opposed view of the problem presented in *Prosk* and its progeny was expressed in the cases of *Hartford Accident and Indemnity Co. v. Novak,* Wash.Supr., 83 Wash.2d 576, 520 P.2d 1368 (1974), *Soule v. Stuyvesant Insurance Co.,* N.H.Supr., 364 A.2d 883 (1976), and *Brown v. Progressive Mutual Insurance Company,* Fla.Supr., 249 So.2d 429 (1971). In each of the above-cited cases the Court held a contract provision requiring physical contact as a condition to recovery in an uninsured motorist case void as being more restrictive than allowable by law. The Courts simply refused to permit the insurance companies to use technical and limiting terminology to circumvent the statutory policy of requiring insurance coverage for all persons entitled to recover from a negligent, uninsured or unknown motor vehicle operator. See also *O'Hanlon v. Hartford Acc. & Indem. Co.,* D.Del., 439 F.Supp. 377 (1977), where the United States District Court for Delaware, relying on the Superior Court decision in the case at bar, held a physical contact clause to be violative of Delaware law, and, therefore, void. In regard to the contention that such clauses prevent fraud, the Court in *Brown v. Progressive Mutual Insurance Company,* supra, stated:

> The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.

■ We agree with the *Brown* rationale concerning the anti-fraud aspects of physical contact clauses, and we also adopt the reasoning of *Soule* and *Novak* that these clauses unduly and unlawfully restrict the scope of insurance protection required by law. 18 *Del.C.* § 3902 mandates that insurers provide protection to all "persons . . who are legally entitled to recover damages" from uninsured motorists and hit-and-run drivers. Indeed, in one sense the statutory language is so clear that construction is not required. § 3902 reads: "[n]o policy . . . shall be delivered . . in this State . . . unless coverage is provided therein . . . for the protection of persons insured . . . who are legally entitled to recover . . . from . . . operators of . . . hit-and-run motor vehicles for bodily injury . . ." Plaintiff's right to recover from such a driver is the test under the statute, that is, coverage in protection of that right must be provided by the Carrier. Plaintiff's right to recover from the operator of the alleged hit-and-run motor vehicle is not contested by defendant and, *a fortiori,* coverage is required to protect that right. The arbitrary physical contact requirement may not be used to frustrate the intent of § 3902 to provide relief to all insureds for damages suffered as a result of unlawful conduct by the uninsured or unknown tortfeasor.

We note in brief that defendant's argument that the physical contact requirement is nothing more than a synonymous expression for the "hit" in hit-and-run is unpersuasive. The phrase hit-and-run is the commonly accepted description of an incident involving a car accident where the driver flees the scene. *Soule v. Stuyvesant Insurance Co.,* supra. To ascribe a literal meaning to the phrase would both ignore common usage and circumvent the policies of § 3902. In addition, if the term hit-and-run had the meaning which defendant contends it does, i. e., an accident with physical contact between the vehicle of a fleeing driver and another, then the physical contact provision of the insurance policy would be redundant and superfluous.

We hold, therefore, that the physical contact contractual provision unlawfully limits the scope of insurance coverage to less than that required by statute, and it is thus void. It follows that the Superior Court correctly denied defendant's motion for summary judgment as it was based on a void contract clause.

\*    \*    \*    \*    \*    \*

AFFIRMED.