SONJIA F. MAYFIELD, APPELLANT, V. ALLIED MUTUAL INSURANCE COMPANY, AN IOWA CORPORATION, APPELLEE.

436 N.W.2d 164

Filed February 24, 1989. No. 87-666.

Con M. Keating, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellant.

Kile W. Johnson, of Barlow, Johnson, DeMars & Flodman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This case involves a controversy over the uninsured motorist

coverage provided in an automobile liability insurance policy issued by the defendant, Allied Mutual Insurance Company, to the plaintiff, Sonjia F. Mayfield.

In her petition, the plaintiff alleged that she was the owner of a 1977 Honda Civic automobile which was insured under a policy of automobile insurance issued to her by the defendant and that the policy provided uninsured motorist coverage. On July 17, 1986, while the plaintiff was a passenger in her automobile, which was being driven by her daughter, the automobile was involved in a collision. At the time of the accident, the plaintiff's automobile, which was proceeding west on Cornhusker Highway, in Lincoln, Nebraska, was stopped in the left-turn lane at the intersection at 27th Street. An automobile whose operator and owner cannot be identified was stopped immediately in front of the plaintiff's car. This automobile suddenly and unexpectedly turned left, or south, onto 27th Street, directly in the path of an oncoming 1977 Buick Skylark automobile owned by Mathew L. Campbell, who was traveling in an easterly direction on Cornhusker Highway. When the unidentified automobile turned in front of the Campbell vehicle, Campbell swerved and struck the plaintiff's automobile, causing serious bodily injury to the plaintiff. The plaintiff alleged that although there was no physical contact between the plaintiff's car and the automobile driven by the unidentified driver, the sole and proximate cause of the accident was the negligence of the operator of the unidentified automobile, and that all efforts to locate the driver of the car had been futile. The plaintiff claimed damages for medical expenses in the amount of $10,390.81; future medical expenses; permanent disability; impairment of earning capacity; lost wages; and past, present, and future pain and suffering.

The defendant filed a general demurrer to the petition, which was sustained. The plaintiff elected to stand on her petition, and the petition was dismissed. The plaintiff has appealed.

The policy issued by the defendant provides in part C, "We will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury:' 1. Sustained by an 'insured;' and 2. Caused by an accident." An uninsured motor vehicle is defined

in the policy as a "land motor vehicle or trailer of any type . . . Which is a *hit and run* vehicle whose operator or owner cannot be identified and which *hits*: a. you or any 'family member.' " (Emphasis supplied.)

The issue in this case is whether the provision in the defendant's policy which requires physical contact between the uninsured motorist's automobile and the insured's automobile conforms to the requirements of the Nebraska uninsured motorist statute. The plaintiff contends that the provision in the policy issued by the defendant that defines a "hit and run vehicle" as one "which hits . . . you or any 'family member' " violates Neb. Rev. Stat. § 60-509.01 (Reissue 1988). Section 60-509.01 requires that automobile liability insurance policies delivered in this state provide coverage for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and "hit-and-run motor vehicles."

In *Grace v. State Farm Mut. Auto. Ins. Co.*, 197 Neb. 118, 246 N.W.2d 874 (1976), we held that a provision in automobile insurance policies which required physical contact between the unidentified automobile and the automobile in which the plaintiff was riding in order for the unidentified vehicle to be a "hit-and-run vehicle" as defined in the uninsured motorist coverage of the policy did not violate the statutory requirement for uninsured motorist coverage.

In the *Grace* case, we said at 121-24, 246 N.W.2d at 876-77:

The validity of physical contact requirements in connection with uninsured motorist coverage in automobile insurance policies has been considered by many courts in many different situations. . . . No matter which of the various statutory categories may be considered, courts have apparently reached opposite conclusions on the physical contact issue in every category. See Annotation, "Uninsured Motorist Endorsement: Validity and Construction of Requirement that there be 'Physical Contact' with Unidentified or Hit-And-Run Vehicle," 25 A. L. R. 3d 1299.

The judicial appraisal of the critical issue of physical contact, in essence, rests upon a determination of

legislative policy and intent, particularly where uninsured motorist coverage is required by statute. Logical and persuasive reasons have been given by many courts to support the validity or invalidity of physical contact requirements. In general courts holding that the physical contact requirement is invalid have held that the requirement is contrary to public policy and legislative intent to protect persons injured on the public highways from the uninsured or hit-and-run motorist and is therefore invalid. See, for example, Hartford Acc. & Ind. Co. v. Novak, 83 Wash. 2d 576, 520 P. 2d 1368; Webb v. United Services Auto. Assn., 227 Pa. Super[.] 508, 323 A. 2d 737; Montoya v. Dairyland Ins. Co., 394 F. Supp. 1337 (N.M.).

In those courts which have concluded that it is reasonable to require physical contact with or by a hit-and-run vehicle under uninsured motorist provisions, the reasoning is generally based on the premise that a physical contact requirement precludes fraud upon the insurer and prevents recovery of damages in cases where the insured's injuries are only accidental or the result of his own or his driver's negligence, without the intervention of any other vehicle; but it is alleged by the insured that the accident was caused by an unidentified vehicle which subsequently left the scene of the accident. See, Ely v. State Farm Ins. Co., 148 Ind. App. 586, 268 N. E. 2d 316; MVAIC v. Eisenberg, 18 N. Y. 2d 1, 218 N. E. 2d 524. See, also, Prosk v. Allstate Ins. Co., 82 Ill. App. 2d 457, 226 N. E. 2d 498.

In Nebraska the legislative history is not of much assistance in determining the intent of the Legislature in May of 1963, when Nebraska adopted its uninsured motorist statute. Neither can we say with any degree of assurance exactly what concept of "hit-and-run" the Legislature had in mind. The physical contact restriction was standard in most insurance policies at the time the Nebraska statute was adopted. See, Widiss, A Guide to Uninsured Motorist Coverage, § 2.2, p. 20. Comment on the floor during legislative discussion indicates that the

Legislature was aware that the statute was written in the universal insurance policy language of the time. Nevertheless, there was no discussion of the issue involved here.

Courts universally agree that the prevention of fraud is a permissible and justifiable legislative purpose. Courts may disagree, however, as to which factors the Legislature considered most important in making such a policy decision. It need only be said that a requirement of physical contact attempts to prevent fraudulent claims by requiring of the claimant tangible proof of a collision with a hit-and-run vehicle. That requirement defines and limits the risk underwritten by insurers so that "fulfillment of the liberal aims of the law is not incompatible with the economic realities of insurance coverage." See Ely v. State Farm Ins. Co., *supra*. It can be, and has been, argued that the term "hit-and-run" means exactly what it says and requires physical contact. See Prosk v. Allstate Ins. Co., *supra*. It might well be said that "hit-and-run" does not translate into "cause-and-run" where statutory and contract terms are involved.

The specific policy provision here requiring physical contact has been approved by the Nebraska Director of Insurance as required by section 60-509.01, R. R. S. 1943. While the basis for the conclusion may be ephemeral, we are convinced that the Legislature did not intend to broaden the then accepted insurance concept of a hit-and-run motor vehicle. A requirement in an automobile insurance policy that there be physical contact of a hit-and-run motor vehicle with the insured or the vehicle which the insured is occupying at the time of the accident, as a condition precedent to the assertion of a claim under the hit-and-run clause of an uninsured motorist provision, is valid and reasonable. It is not an impermissible limitation or restriction on the insurance coverage required by section 60-509.01, R. R. S. 1943, nor is it in conflict with the beneficial public policy of that statute.

Apart from the possibility of fraud which was discussed in

the *Grace* opinion, the coverage required by the statute is limited to damages that the insured is "legally entitled to recover" from the uninsured motorist. In many cases, the sole source of information as to how the accident happened will be the insured.

Section 60-509.01 was enacted in 1963. The *Grace* case was decided in 1976, and the statute has not been amended since that time. Generally, where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of its intent. *Erspamer Advertising Co. v. Dept. of Labor*, 214 Neb. 68, 333 N.W.2d 646 (1983).

We conclude that the decision in the *Grace* case is controlling and that the judgment of the district court should be affirmed.

AFFIRMED.

WHITE, J., concurs.