# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ARUNA SAMPHA KANU,      )
                                       )

      Plaintiff,           )
                                       )

        v.              )
                                       )    C.A. No. N15C-11-002 CLS

ALLSTATE INSURANCE      )
COMPANY,                  )
                                       )

      Defendant.        )
                                       )

                                       )

## ORDER

On this 31st day of May, 2017, and upon Defendant's, Allstate Insurance Company's ("Defendant") Motion for Summary Judgment, it appears to the Court that:

1. On February 13, 2015, three vehicles were involved in a motor vehicle accident where Plaintiff lost control of his vehicle and struck two other vehicles on northbound Interstate 95 ("I-95"). Plaintiff seeks uninsured motorist benefits from his insurer.

2. On November 11, 2016, Defendant moved for summary judgment, contending that Plaintiff's claim for uninsured motorist benefits fails as a matter of law because Plaintiff did not offer any facts to create an issue of fact as to whether the object came from a motor vehicle. Defendant also

contends that Plaintiff's uninsured motorist claim does not pass the *Klug* test because it was Plaintiff who lost control of the vehicle which is "an act of independent significance" breaking any connection to a vehicle. Finally, Defendant avers that Plaintiff did not allege any facts to support a negligence claim against a "phantom driver." Plaintiff claims that Summary Judgment is inappropriate because material facts exist whether the object was from a motor vehicle.

3. Defendant also filed a Motion to Strike portions of Plaintiff's Response to Defendant's Motion for Summary Judgment. Defendant claims that the Court should strike paragraphs 6 through 9 of Plaintiff's Response Motion. Defendant avers that paragraph 6 refers to the police report, which is inadmissible under 21 *Del. C.* § 4203(e). Additionally, Defendant argues that paragraphs 7 through 9 are hearsay within hearsay, and not admissible under Delaware Rule of Evidence 801.

4. The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The moving party bears the initial burden of showing that no material

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

issues of fact are present.[2]  Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3]  In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[4]  The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

5. First, neither party provided the Court with a copy of the applicable insurance policy.  However, pursuant to 18 *Del. C.* § 3902, insurers must provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or hit-and-run vehicles for bodily injury, sickness, disease, including death or personal property damage resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle."[6]

6. The "purpose of 18 *Del. C.* § 3902 is to protect innocent parties injured by the negligence of unknown tortfeasors or from those who have no means

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[6] 18 *Del. C.* § 3902(a).

from compensating the injured persons."[7] The statute defines uninsured vehicle as:

> (1) One for which there is no auto liability bond, insurance or other security applicable at the time of the accident in at least the amounts required by the financial responsibility law where the auto is principally garaged or registered;
> (2) One for which the insuring company denies coverage or becomes insolvent; or
> (3) A hit-and-run motor vehicle that causes an accident resulting in bodily injury or property damage to property of the insured. Bodily injury or property damage must be caused by physical contact of the hit-and-run vehicle with the insured or with an insured motor vehicle, *or by a noncontact vehicle where the identity of both the driver and the owner of such vehicle are unknown*. The accident must be reported to the police or proper governmental authority. The insured must notify his or her insurer within 30 days, or as soon as practicable thereafter, that the insured or his or her legal representative has a legal action arising out of the accident.[8]

7. There is no definition of "hit-and-run motor vehicle" in this statue; however there is no "physical contact" requirement.[9] Whether Plaintiff attempted to avoid debris from a non-contact vehicle is a question of fact for the fact finder to determine. During his deposition, Plaintiff stated that there were a lot of vehicles on the highway, and the object was between him and the next

---

[7] *See National Union Fire Ins. Co. of Pittsburgh v. Fisher*, 692 A.2d 892, 896 (Del. 1997) (citing *State Farm Mut. Auto. Ins. Co. v. Abramowicz*, 386 A.2d 670, 671-72 (Del. 1978)); *see also Frank v. Horizon Assur. Co.*, 553 A.2d 1199, 1201 (Del. 1989)("The legislative purpose embodied in the requirement that uninsured motorist coverage be available to all members of the public is clear: the protection of innocent persons from the negligence of unknown or impecunious tortfeasors.").

[8] 18 *Del. C.* §§ 3902 (3)(a),(b),(c) (emphasis added).

[9] *Abramowicz*, 386 A.2d at 672; *see also Castillo v. Clearwater Ins. Co.*, 8 A.3d 1177, 1180 (Del. 2010).

vehicle. The Court will not weigh the evidence, and must accept the facts in a light most favorable to Plaintiff. Thus, a reasonable juror could infer that the object Plaintiff attempted to avoid came from another vehicle.

8. Additionally, a prerequisite to recovery pursuant to an uninsured motorist claim under 18 *Del. C.* § 3902, the Court must determine "whether an injury 'arose out of the use of a motor vehicle.'"[10] Under the *Klug* test the Court analyzes "(1) whether the vehicle was an active accessory in causing the injury, (2) whether there was an act of independent significance that broke the causal link between use of the vehicle and the injuries inflicted, and (3) whether the vehicle was used for transportation purposes."[11]

9. Defendant argues that Plaintiff's uninsured motorist claim fails, as a matter of law because Plaintiffs are unable to demonstrate that the injury arose out of the use of a motor vehicle. Specifically, Defendant argues that Plaintiffs cannot meet the *Klug* test because there is not "sufficient information" in the record "to attempt a *Klug* analysis" as Plaintiff does not know what the object was, or whether it had any relation to the operation of a motor vehicle.

---

[10] *Kelty v. State Farm Mut. Auto. Ins. Co.*, 73 A.3d 926, 930 (Del. 2013).
[11] *Id.*(citing *Nationwide Gen. Ins. Co. v. Royal*, 700 A.2d 130, 132 (Del. 1997)).

10. However, Defendant's argument is misplaced. Delaware case law shows that the first two prongs of the *Klug* test apply to the *insured vehicle*.[12] To be considered an active accessory, "the vehicle must be more than the mere situs of the injury, but can be less than the proximate cause of the injury."[13] "The active accessory prong is intended to exclude situations such as those at issue in *Campbell v. State Farm Mut. Auto. Ins. Co.*,"[14] where the vehicle was not more than the location of an incident.

11. In *Jones v. Delaware Transit Corp.*, this Court held that a bus was not more than a mere situs of a bus driver's injury when he injured himself while vacuuming a bus.[15] Similarly, in *Friel v. Hartford Fire Ins. Co.*, the court held that the insured vehicle was not more than a mere situs to plaintiffs injury because the "injury was in no way caused by use or operation of the

---

[12] "For a claimant's injury to have occurred in an accident involving a motor vehicle: the insured vehicle must have been an 'active accessory' in causing the injury; and the causal connection between the use of the vehicle and the claimant's injury must not have been broken by an independent act." *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *4 (Del. Super. May 6, 2014); *see also Carroll v. Nationwide Mut. Fire Ins. Co.*, 2008 WL 2583012, at *2 (Del. Super. June 20, 2008)("[W]hether an accident arose out of the operation, use or maintenance of the insured vehicle is a question of law."); *see e.g. State Farm. Mut. Auto. Ins. Co. v. Buckingham*, 919 A.2d 1111, 1114 (Del. 2007)(stating "[the plaintiff's] vehicle was not simply the situs of the attack, rather, it was an 'active accessory' in the incident provoking the attack that caused [the plaintiff's] injuries."); *Sanchez v. American Independent Ins. Co.*, 2005 WL 2662960, at *2 (Del. Oct. 17, 2005)(stating that "[n]othing about [the plainitff's] presence in the vehicle contributed to the fact that he was shot.")(abrogated on other grounds by *Kelty v. State Farm Mut. Auto. Ins. Co.,* 73 A.3d 926 (Del. 2013)).

[13] *State Farm Mut. Auto. Ins. Co. v. Buckingham*, 919 A.2d 1111, 1114 (Del. 2007)(citing *Klug*, 415 N.W.2d at 878).

[14] *Buckley v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 4515699 (Del. Super. July 27, 2015).

[15] *Jones v. Delaware Transit Corporation*, 2016 WL 5946494 (Del. Super. Oct. 13, 2016).

motor vehicle, except as a stationary platform from which product was being unloaded."[16]

12. Here, Plaintiff's vehicle was an active accessory in causing the injury. Plaintiff was driving his vehicle when he allegedly tried to avoid an unidentified object in the road. Further, the Court is not persuaded by Defendant's argument that Plaintiff's actions, i.e. swerving to avoid the object, is an act of independent significance that broke the causal link between the vehicle and the injuries inflicted. "[W]here an act of independent significance breaks the causal link between the use of a vehicle and infliction of injury to an insured/claimant, uninsured motorist coverage is not available."[17] Plaintiff's injuries stem from one incident, and the Court finds, based on the record before the Court, that there was not an act of independent significance. The third prong of the test, whether the vehicle was used for transportation purposes,[18] is also met in Plaintiff's situation.

13. Although Plaintiff is unable to identify the object in the road, or whether it came from another vehicle, on a motion for summary judgment the Court must view the facts in a light most favorable to Plaintiff. A material fact exists as to whether the unidentified object came from another vehicle.

---

[16] *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *4 (Del. Super. May 6, 2014).
[17] *State Farm. Mut. Auto. Ins. Co. v. Buckingham*, 919 A.2d 1111, 1112 (Del. 2007).
[18] *Sierra v. Allstate Property and Casualty Ins. Co.*, 2013 WL 2636043, at *2 (Del. June 12, 2013).

14. Finally, neither party provided the Court with the applicable insurance policy. Therefore the Court's order is based on established Delaware law and not a specific policy. For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby **DENIED.**

15. Finally, "motions to strike are disfavored and will only be granted when clearly warranted."[19] Here, regardless of the admissibility of paragraphs 6 through 9 in Plaintiff's Response, there is an issue of fact regarding the identity of the object in the road. Therefore, the Court does not even need to consider the evidence or the admissibility of the evidence represented in paragraphs 6 through 9. Defendant's Motion to Strike is hereby **DENIED.**

For the foregoing reasons, Defendant's Motion for Summary Judgment and Motion to Strike are **DENIED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

[19] *CitiMortgage, Inc. v. Bishop*, 2011 WL 2295161 (Del. Super. May 24, 2011).