**William L. HOLDEN and Linda Holden, Plaintiffs Below, Appellants,**

v.

**AETNA CASUALTY & SURETY COMPANY, a corporation of the State of Connecticut, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: March 20, 1989.

Decided: May 26, 1989.

Edward T. Ciconte, Ciconte & Roseman, Wilmington, for appellants.

Gary W. Aber, Heiman, Aber & Goldlust, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

PER CURIAM:

In this appeal from the Superior Court, we again confront the question of the validity of a provision in an automobile insurance policy which excludes coverage for injuries sustained by an insured while occupying, or when struck by, a motor vehicle not listed in the policy. In *Frank v. Horizon Assur. Co.*, Del.Supr., 553 A.2d 1199 (1989), we ruled that "other motor vehicle (OMV)" exclusions are contrary to public policy and thus invalid as a matter of law.

The appellant, Aetna Casualty and Surety Company ("Aetna"), although conceding that the OMV exclusion in its policy has the same import as the exclusion invalidated in *Frank*, seeks to distinguish *Frank* by contending that the exclusion under review is directed to underinsured coverage, while *Frank* invalidated an exclusion for uninsured coverage. Aetna contends that uninsured motorist coverage is statutorily mandated by 18 *Del.C.* § 3902(a)(1), unless "rejected in writing", but that section 3902(b) requires only that the "insurer offer to the insured the option" to purchase underinsured coverage. The Superior Court agreed with this argument in ruling in favor of Aetna.

We view the uninsured/underinsured distinction of no consequence in the light of our holding in *Frank* that optional coverage may be waived or rejected by the insured but, if purchased, such coverage can-not be eroded by hypertechnical exclusions which lack express statutory authority. *Frank v. Horizon Assur. Co.*, 553 A.2d at 1203. As we also noted in *Frank*, the public policy underlying section 3902 is achieved by making available uninsured coverage which "mirrors" liability insurance. *Id.* at 1205. This Court has previously held that underinsured coverage is merely a form of uninsured coverage. *Home Ins. Co. v. Maldonado*, Del.Supr., 515 A.2d 690, 696 (1986). Since this case raises the same considerations of public policy, we find it fully controlled by our decision in *Frank v. Horizon Assur. Co.*

\*　　\*　　\*　　\*　　\*　　\*

The decision of the Superior Court is REVERSED.