Denise GRISSOM, Plaintiff,

v.

**NATIONWIDE MUTUAL INSURANCE
CO., Defendant.**

Civ. A. No. 11316.

Court of Chancery of Delaware,
New Castle County.

Submitted: Nov. 20, 1990.
Decided: June 10, 1991.

Edmund D. Lyons, Jr., and David J.
Lyons, Aerenson, Ferrara & Lyons, Wilmington, for plaintiff.

Ralph K. Durstein, III, Prickett, Jones,
Elliott, Kristol & Schnee, Wilmington, for
defendant.

HARTNETT, Vice-Chancellor.

The sole issue before the Court is whether the defendant, an insurance carrier, is
liable to plaintiff, who was covered by a
policy issued by defendant, for any punitive

damages that arose out of an automobile accident in which plaintiff was injured by an uninsured motorist.

This suit follows an arbitration hearing mandated by the policy. The Arbitrators made an award to plaintiff for compensatory damages but refused to rule on whether the defendant was liable to pay to plaintiff any punitive damages which might be assessed against the uninsured driver involved in the accident.

The Court finds that the insurance carrier, as a matter of law, under the clear terms of the uninsured motorist coverage provisions of the insurance policy, is not liable to plaintiff for any punitive damages arising out of the conduct of an uninsured motorist. The Court also finds that there is nothing in the law of Delaware that requires an insurance carrier to provide coverage to its insured for punitive damages as part of uninsured motorist coverage.

Lastly, the Arbitrators' award of compensatory damages is confirmed.

### I.

Plaintiff seeks a confirmation of that part of the Arbitration Award that awarded her compensatory damages. She is also seeking a declaratory judgment that the uninsured motorist coverage provision in the motor vehicle liability policy in question obligates defendant to pay her any punitive damages which might be assessed against the uninsured motorist. Defendant denies that it has any liability to pay any punitive damages to plaintiff, but does not dispute its liability to plaintiff for the sums she has been awarded by the Arbitrators as compensatory damages arising from the negligence of the uninsured motorist. Defendant therefore seeks confirmation of the entire Arbitrators' Award as a final judgment. Both parties have moved for summary judgment.

### II.

The facts have been stipulated for the purpose of the cross motions and are therefore uncontroverted.

Plaintiff, Denise Grissom, was injured in an automobile accident which was caused solely by the negligent, reckless, willful and wanton conduct of James Powers, an uninsured motorist. As a result of the accident, plaintiff suffered physical injuries. It is conceded, for the purpose of these motions, that plaintiff would be entitled to recover compensatory and punitive damages from Powers.

At the time of the accident, plaintiff was operating a vehicle covered by an insurance policy issued by defendant Nationwide Mutual Insurance Company ("Nationwide"). Plaintiff did not file an action against Powers, but instead, pursued a claim against Nationwide under the uninsured motorist coverage afforded her under the policy. The claim was submitted to arbitration. At the arbitration hearing, plaintiff demanded both compensatory and punitive damages. Nationwide conceded liability for any compensatory damages that might be awarded but denied any liability for any punitive damages.

The Arbitrators granted plaintiff compensatory damages in the amount of $20,000 but specifically declined to resolve the claim for punitive damages. The Arbitrators' decision stated that "the issue of [whether punitive damages are recoverable under the uninsured motorist provision] shall remain open pending a determination by a court and further proceedings before this arbitration panel if necessary."

Nationwide then tendered a check for $20,000 to plaintiff along with an agreement of release of all claims against it. Plaintiff refused to release her punitive damages claim, and thereupon Nationwide refused to authorize payment of the check. Plaintiff then commenced this action seeking confirmation of the $20,000 compensatory award and a declaratory judgment that punitive damages are payable under the uninsured motorist provision of her policy. Defendant cross moved for a confirmation of the entire Arbitrators' Award as a final judgment. The parties then filed crossmotions for summary judgment.

### III.

The uninsured motorist provision in the policy states, in pertinent part:

Under this coverage [Nationwide] will pay all sums for *bodily injury and property damage* that you or your legal representative are legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle.... (Emphasis added).

Plaintiff argues that this language creates a negative inference of coverage and an ambiguity by not expressly excluding punitive damages. Accordingly, plaintiff asserts that the ambiguity should be construed against Nationwide, the drafter of the policy, to include liability for punitive damages assessed against an uninsured motorist.

The plaintiff cites several cases from other jurisdictions that have construed somewhat similar language and found that punitive damages were payable under the language in the policies. The language in those policies, however, was broader than the language in the policy before the Court and those cases are therefore not persuasive. *See Mullins v. Miller*, 683 S.W.2d 669 (Tenn.1984); *Sharp v. Daigre*, 545 So.2d 1063 (La.App.1989); *but compare Braley v. Berkshire Mut. Ins. Co.*, 440 A.2d 359 (Me.1982).

### IV.

■ In Delaware, an ambiguity in an insurance policy does not exist merely because two readings of a contract may be suggested. Rather, both readings must be a reasonable interpretation of the contract. *Aetna Cas. and Sur. Co. v. Kenner*, Del. Supr., 570 A.2d 1172 (1990). All pertinent provisions of an insurance policy therefore must be read together, and not a single passage in isolation. *Id.* If the language is clear and unambiguous, a court will not construe the words to create an obligation which does not exist, and the parties will be bound by the plain language of the policy. *Hallowell v. State Farm Mut. Ins. Co.*, Del.Supr., 443 A.2d 925 (1982). If the language, however, is ambiguous, it must be construed against the drafter of the policy. *Id.*

■ The language of the uninsured motorist coverage in the Nationwide policy in question is clear and unambiguous. Plaintiff's claim that the language is ambiguous

because it does not specifically exclude punitive damages is not a reasonable interpretation. The policy states that Nationwide will pay "all sums for bodily injury and property damages...." The contract further defines bodily injury as, "... bodily injury, sickness, disease or death." Property damage is defined as "the injurying [sic] or destruction of property."

■ Punitive damages are not awarded as damages for property or bodily injury. Compensatory damages serve that function. Although the extent of a plaintiff's injury is considered in calculating the amount of punitive damages to be awarded, it is irrelevant to the determination of whether the defendant's conduct warrants an award of punitive damages. *Jardel Co. v. Hughes*, Del.Supr., 523 A.2d 518, at n. 6 (1987).

The only reasonable interpretation of the language in the policy, therefore, is that the policy covers payment for bodily injury and property damage only and it does not require Nationwide to pay punitive damages which may be assessed because of the acts of an uninsured motorist.

### V.

■ Parties to an insurance policy are free to contract as they desire as long as their agreement is not inconsistent with some statutory prohibition or public policy. *Whalen v. On–Deck, Inc.*, Del.Supr., 514 A.2d 1072 (1986).

The Delaware Uninsured Motorist Statute states coverage is provided for the:

... protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or hit-and-run vehicles for *bodily injury, sickness, disease, including death, or personal property damage* resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle. (Emphasis added).

18 *Del.C.* § 3902.

The purpose of uninsured motorist coverage is to "protect innocent, injured persons who are unable to recompense from negligent tortfeasors." *Abramowicz v. State*

*Farm Mut. Auto. Ins. Co.*, Del.Super. 369 A.2d 691, 694 (1977), *aff'd* Del.Super., 386 A.2d 670 (1978). Uninsured motorist coverage makes the injured person whole for the losses suffered as a result of acts of uninsured motorists. 12A *Couch on Insurance* 2d § 45:624 (Rev.Ed.1981). It is designed to "interact with other statutory compensation systems ... so as to remove gaps in available compensation." *Evans v. Nationwide Mut. Ins. Co.*, Del.Super., C.A. No. 87C–SE–22, Steele, J. (Oct. 6, 1989), slip op. at 4, 1989 WL 167406 (holding that a joint tortfeasor may assert a claim for contribution against the plaintiff's uninsured motorist carrier for the torts of an unknown driver.)

Although statutes requiring uninsured motorist coverage are remedial and must be construed liberally, with narrow interpretations of exclusion so as to provide the desired remedy, their purpose is limited to protecting those persons who purchase motor vehicle liability insurance and then suffer bodily injury or property damage caused by a motorist who did not purchase similar coverage. *Couch*, § 45:624.

It is not disputed that the Delaware Uninsured Motorist Statute obligates the insurer to pay compensatory damages for injuries to the insured, up to the amount of policy coverage. Compensatory damages are granted to provide satisfaction for an injury done. *Jardel Co. v. Hughes*, Del. Supr., 523 A.2d 518 (1987). The purpose of the coverage is to make the plaintiff whole by focusing on the injuries or losses sustained. *Id.*

Nothing in the statute, however, mandates coverage for punitive damages. Punitive damages serve an entirely different function than compensatory damages and are calculated according to a different formula. Their purpose is to implicate social policies. *Id.; Cf. Beals v. Washington Intern., Inc.*, Del.Ch., 386 A.2d 1156 (1978). The purpose of punitive damages is to punish a wrongdoer and they are calculated by the enormity of his offense. *Jardel, supra.*

Punitive damages are also usually gratuitous to a plaintiff because compensatory damages have, at least in theory, already made the plaintiff whole. *Id.* An award of punitive damages where no punishment or deterrent effect can be achieved, as here, would therefore be an absolute windfall to the plaintiff. Courts do not favor unjust enrichment. *See Fleer Corp. v. Topps Chewing Gum, Inc.*, Del.Supr., 539 A.2d 1060 (1988).

An award of punitive damages also serves a second purpose—to deter others from similar conduct. *Id.* Both the penal and public policy aspects require that punitive damages be awarded only when a wrongdoer's conduct is "outrageous" or due to "evil motive" or "reckless indifference to the rights of others." *Id.* (citing *Restatement (Second) of Torts* § 908, comment b (1979.))

Neither of the purposes that justify punitive damages mandate that the provider of Uninsured Motorist protection coverage be required to pay any punitive damages assessed against an uninsured motorist. There is, therefore, no statutory policy that requires Nationwide to do so.

## VI.

For the purposes of the motions before the Court, Nationwide concedes that plaintiff might recover punitive damages from Powers, the driver of the car that caused the accident, because at the time of the accident, Powers was driving 35 m.p.h. in excess of the posted speed limit and was driving while intoxicated.

If Powers had liability insurance, his insurance carrier might be responsible for paying any punitive damages assessed against him. The Supreme Court of Delaware has held that there is no public policy that prevents a liability carrier from being obligated to pay punitive damages assessed against its insured if it contracts to do so. *Whalen v. On–Deck, Inc.*, Del.Supr., 514 A.2d 1072 (1986). Insuring against punitive damages would not, the Court stated, frustrate the purpose of punitive damages.

In such a case, the tortfeasor might still be punished by higher insurance premiums or the loss of insurance coverage altogether. *Id.* Significantly, the Court indicated it did not desire to interfere with the par-

ties' freedom to contract for such coverage on public policy grounds, absent clear indicia of such a public policy. *Id.*

In the context of the Uninsured Motorist Statute, however, the policy reason for the Statute would be frustrated if the uninsured motorist insurer was required to pay punitive damages assessed against the uninsured tortfeasor, absent an express agreement to do so. *See Lum v. Nationwide Mut. Ins. Co.,* Del.Super., C.A. No. 78C–MY–55, 1982 WL 1585 Bifferato, J. (Mar. 3, 1981) (granting defendant's motion to strike plaintiff's claim for punitive damages.)

Neither the punishment nor the deterrent function of punitive damages would be achieved if an insurer who is required to provide uninsured coverage is also required to pay punitive damages because the uninsured motorist carrier could not pass the "punishment" along to the wrongdoer as in liability coverage.

Although an insurance carrier might have a right of subrogation to recover any claim paid on behalf of an uninsured motorist, the possibility of any recovery is so unlikely as to be negligible. The uninsured motorist carrier did no wrong and no public policy requires it to bear a burden when the plaintiff receives full compensation for her injuries.

In summary, while the Delaware Uninsured Motorist Statute does not preclude an insurer from agreeing to provide coverage to its insured for any punitive damages that might be assessed against an uninsured motorist involved in an accident with its insured, there is nothing in the statute or in the public policy of this State that requires an insurance carrier to provide its insured coverage for punitive damages assessed against an uninsured motorist.

### VII..

 The Arbitrators awarded plaintiff $20,000 in compensatory damages and reserved decision on the punitive damages issue. The parties agree that the award of compensatory damages was final and binding although they differ as to how the punitive damage claim should have been handled.

The general rule is that an Arbitration Award may be confirmed only if it is a final decision. *Puerto Rico Maritime v. Star Lines, Ltd.,* 454 F.Supp. 368, 372 (1978). An award is final if it resolves all the issues presented for arbitration. *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411 (2nd Cir.1980).

Neither party disputes the validity of the compensatory damages award. Any liability by Nationwide to plaintiff for punitive damages is precluded, as a matter of law. There is therefore no reason not to confirm the Arbitrator's Award of $20,000 as a final judgment.

Plaintiff may submit a proposed order.