**Janet JONES, Defendant Below, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 27, 1992.
Decided: June 24, 1992.
Rehearing Denied July 24, 1992.

James J. Woods, Jr., Connolly, Bove, Lodge & Hutz, Wilmington, for appellant.

Colin M. Shalk, Casarino, Christman & Shalk, Wilmington, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

MOORE, Justice.

Once again we address the extent of coverage afforded by automobile insurance policies providing for uninsured and underinsured motorist ("UM/UIM") protection. The issue here is whether UM/UIM coverage embraces an award of punitive damages. Janet Jones ("Jones") appeals a declaratory judgment of the Superior Court holding that her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), is not obligated to pay any claim for punitive damages under its UM/UIM coverage. On cross-motions for summary judgment the trial court concluded that the insurance policy was unambiguous as a matter of law, and that such coverage was against public policy. We reach completely opposite conclusions on both points. Accordingly, we reverse and remand for the entry of a declaratory judgment in Jones' favor.

### I.

The facts are not in dispute. Jones was injured in an automobile collision caused by a drunken driver. The latter had liability coverage of $15,000 per person and $30,000 per accident. Jones received the $15,000 policy limit, and filed a claim for uncompensated damages with her UM/UIM insurer, State Farm.

Jones' claim was arbitrated resulting in an additional award of $32,500.[1] The parties agreed that her claim for punitive damages would not be arbitrated. Instead, State Farm sought a declaratory judgment in the Superior Court that its UM/UIM coverage did not embrace punitive damages.

The Superior Court ruled that the State Farm policy was clear and unambiguous, and, as a matter of public policy, did not

1. State Farm has paid that award.

2. Although each party contends that its interpretation of the relevant policy language is that adopted by the "majority" of jurisdictions, we find such arguments to be of little importance. We recognize, however, that there is a split of

cover punitive damages. *See State Farm Mutual Ins. Co. v. Jones,* Del.Super., C.A. No. 90C–JL–80, 1991 WL 215923, Babariarz, J. (Oct. 10, 1991).

### II.

#### A.

This appeal requires the interpretation of contractual terms. Accordingly, our review is *de novo. Oberly v. Kirby,* Del. Supr., 592 A.2d 445, 457 (1991). To the extent our decision turns on public policy grounds, it implicates purely a question of law over which *de novo* review is appropriate. *Brooks v. Johnson,* Del.Supr., 560 A.2d 1001, 1002 (1989).

#### B.

■ We begin with the terms of the policy. The UM/UIM provision states:

We will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle.*

(Emphasis in original).

In finding this language to be "clear and unambiguous", covering only compensatory damages, the trial court failed to address the "Limits of Liability" provision which states that:

The amount of coverage ... shown on the declarations page ... is the amount of [UM/UIM] coverage for *all* damages due to *bodily injury....*

(First emphasis added).

When one considers both of these provisions, it becomes apparent that they admit of considerable ambiguity.[2] Specifically, use of the generic terms "damages" and "all damages" can reasonably be construed to encompass punitive, as well as compensatory, damages. Under such circumstances, the policy is ambiguous as a matter of law. *Hallowell v. State Farm Mut.*

authority on this issue thus buttressing our conclusion that such policy language is hardly unambiguous. *See* Eric Hallowell, *Punitive Damages as Within Coverage of Uninsured or Underinsured Motorist Insurance,* 54 A.L.R. 4th 1186 (1987) (collecting cases).

**1354** 

*Auto. Ins. Co.,* Del.Supr., 443 A.2d 925, 926 (1982). This leads to the inevitable result that the policy will be construed against the insurer and in favor of the insured. *Id.* The phrase "all damages" reasonably embraces punitive damages. *See Old Security Casualty Co. v. Clemmer,* Miss.Supr., 455 So.2d 781, 783 (1984) ("[I]nsurance company's liability 'for all damages arising from bodily injury' includes punitive damages."); *Mazza v. Medical Mut. Ins. Co. of North Carolina,* 311 N.C. 621, 319 S.E.2d 217, 223 (1984) (from laymen's viewpoint, insurance policy covering "all damages" includes coverage of punitive damages); *cf. Overman v. Southwestern Bell Telephone Co.,* Mo.App., 675 S.W.2d 419, 425 (1984) (term "all damages" as used in statute includes punitive damages); *see also Valley Forge Ins. Co. v. Jefferson,* 628 F.Supp. 502, 505–06 (D.Del.1986) (policy covering "damages for bodily injury or property damage" read to include punitive damages under Delaware law). Absent contrary public policy grounds, given the foregoing principle of interpretation, Jones is entitled to a determination that UM/UIM coverage embraces punitive damages.

### C.

██ Turning to the issue of public policy, a brief analysis of our law and the function of UM/UIM coverage support a conclusion that such coverage embraces punitive damages. We have recognized that the "public policy [underlying UM/UIM insurance] is achieved by making available coverage that mirrors [an insured's] liability insurance...." *Frank v. Horizon Assurance Co.,* Del.Supr., 553 A.2d 1199, 1205 (1989); *see also Holden v. Aetna Casualty & Surety Co.,* Del.Supr., 560 A.2d 1023, 1024 (1989). We also have held that liability coverage includes punitive damages. *Whalen v. On–Deck, Inc.,* Del.Supr., 514 A.2d 1072, 1074 (1986). Thus, it follows both from contractual and public policy standpoints that such compensation is afforded under Delaware law to those pro-

tected by a UM/UIM policy.[3] If such a result is undesirable as a matter of public policy, the General Assembly is the proper forum to seek a change. *See Reynolds v. Willis,* Del.Supr., 209 A.2d 760, 763 (1965).

Accordingly, the judgment of the Superior Court is REVERSED. The matter is REMANDED to the Superior Court with instructions to enter a declaratory judgment in conformance with this opinion.

---

**3.** Of course, we express no opinion whether punitive damages are warranted in this particu-

lar case.