IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CASEY SHELOR,                          :
                                       :
                Plaintiff,             :       C.A. No. K18C-06-043 WLW
                                       :
        v.                             :
                                       :
NATIONWIDE MUTUAL                      :
INSURANCE COMPANY,                     :
                                       :
                Defendant.             :


Submitted: August 9, 2019
Decided: November 7, 2019

**ORDER**

Defendant's Motion for Partial Summary Judgment
Regarding Plaintiff's Punitive Damages Claim.
*Denied.*


William D. Fletcher, Jr., Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Plaintiff.

Kenneth M. Doss, Esquire of Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware; attorney for Defendant.


WITHAM, R.J.

Presently before the Court is Defendant, Nationwide Mutual Insurance Co., (hereinafter "Nationwide") and its motion for partial summary judgment in a claim for Underinsured Motorist (hereinafter "UIM") benefits filed by Plaintiff Casey Shelor (hereinafter "Plaintiff"). After considering the record as presented and the parties' arguments, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. Plaintiff presently resides in the State of Delaware at 66 Nomad Trial, Camden-Wyoming, Delaware 19934.

2. Nationwide is a licensed insurance provider authorized to transact insurance sales in Delaware.

3. Plaintiff had a Nationwide automobile insurance policy that covered the period between November 14, 2015 through May 14, 2016.[1] This agreement provided coverage on her vehicle and included UM/UIM coverage in the amount of $100,000 per person and $300,000 per accident.[2]

4. During the coverage period, Plaintiff was operating her car, a 2008 Acura TSX, on February 7, 2016. At approximately 11:18 a.m. that morning, Plaintiff was driving in Camden, Delaware, traveling westbound on Willow Grove Road approaching the intersection with Dundee Road.

5. Anthony Wester (hereinafter "Wester"), the alleged tortfeasor, was driving

---

[1] *See* D. Mot. For Partial Summary Judgment (hereinafter "D. Mot. Part. Sum. Jud.") Ex. B at pg. 1 (Plaintiff's Nationwide policy number is 528219557.).

[2] *See* Pl. Compl. Ex. B at pg. 2.

a 2001 Toyota Celica and traveling northbound on Dundee Road. Wester allegedly ran a stop sign at the intersection of Dundee Road and Willow Grove Road and stuck Plaintiff's vehicle. Plaintiff suffered severe bodily injuries as a result of the accident.

6. Wester was an underinsured driver pursuant to 18 *Del. C.§* 3902(b)(2).[3]

7. Plaintiff filed her claim in this Court seeking UIM benefits on June 27, 2018. Nationwide filed its response, in opposition, on August 22, 2018. Nationwide subsequently filed a motion for partial summary judgment on May 21, 2019 and seeks partial summary judgment regarding Plaintiff's punitive damages claim only.[4] Plaintiff responded, in opposition, on June 4, 2019.

8. The Court conducted a hearing on the motion on August 9, 2019.

## LEGAL STANDARD OF REVIEW

9. On a motion for summary judgment pursuant to Superior Court Civil Rule 56, the moving party has the initial burden of showing that no material issues of fact exist and that he is entitled to a judgment as a matter of law.[5] The burden then shifts to the non-moving party to demonstrate that a genuine issue of material fact exists.[6]

---

[3] 18 *Del. C. §* 3902(b)(2) states: "[a]n underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident are less than the damages sustained by the insured. These limits shall be stated in the declaration sheet of the policy."

[4] *See* D. Mot. Partial Summary Judgment (hereinafter "D. Mot.") at pg. 1.

[5] *Bryant v. Federal Kemper Ins. Co.*, 542 A.2d 347, 348 (Del. Super. 1988) (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[6] *Id.* (citing *Moore*, 405 A.2d at 681).

The facts must be viewed in the light most favorable to the non-moving party.[7] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the circumstances.[8] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[9]

## PARTIES' CONTENTIONS

10. Nationwide argues that because Plaintiff's policy with Nationwide "clearly and unambiguously" excludes coverage for punitive damages, the policy is enforceable and Plaintiff is not entitled to punitive damages.[10]

11. Plaintiff counters by asserting that several provisions and/or terms of Plaintiff's insurance policy are prohibited pursuant to Delaware law.[11] Specifically, she asserts that regardless of the fact that the policy does not provide UIM coverage in accordance with 18 *Del. C.* § 3902(b)(2), she is nevertheless entitled to coverage

---

[7] *Hamilton v. Liberty Mut. Fire Ins. Co.*, 2010 WL 8250753, at *1 (Del. Super. June 24, 2010) (citing *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. 1995)).

[8] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del.1962).

[9] *Hamilton*, 2010 WL 8250753, at *1 (citing *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967)).

[10] D. Mot. at ¶ 3.

[11] *See* Pl. Reply at ¶ 2 (Plaintiff's reply only has two numbered paragraphs, even though there are several paragraphs within ¶ 2.).

pursuant to the statute.[12] In other words, since Nationwide does not sufficiently identify policy language that provides UIM coverage that is required by Delaware in Plaintiff's policy, Nationwide can therefore not rely upon a punitive damages exclusion that only applies to a repealed version of UIM coverage that has not been statutorily mandated since 2013.[13]

## DISCUSSION

12.  18 *Del. C.* § 3902(b)(2) states:

An underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident *are less than the damages sustained by the insured*. These limits shall be stated in the declaration sheet of the policy.[14]

13.  The Delaware legislature adopted this definition of underinsured motor vehicle on July 3, 2013.[15] Section 3902(b)(2), as adopted, was to be applied to Delaware car insurance policies issued and/or renewed six months after the definition's adoption, approximately January 3, 2014.[16]

---

[12] *Id.*

[13] Pl. Reply at pg. 4.

[14] *See* 18 Del. C. § 3902(b)(2) (emphasis added) (this was the amended portion).

[15] *Id.*

[16] *See Id.* Revisor's Note (included and highlighted in the packet).

5

14. Here, however, Plaintiff's insurance policy partially defines underinsured motor vehicle as:

> One which is underinsured. This is a motor vehicle for which bodily injury liability coverage or other security or bonds are in effect; however, their total amount is less than the highest limit of [UIM] coverage under either:
>
> > (1) This Policy. See Declarations for those limits; or
> >
> > (2) Any other applicable policy.[17]

15. This partial definition appears to have been repealed by the 2013 amendment of section 3902(b)(2) and it's adoption. Prior to the 2013 amendment, section 3902(b)(2) stated:

> An underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident *total less than the limits provided by the [UIM] coverage.* These limits shall be stated in the declaration sheet of the policy.[18]

16. Here, it appears that Plaintiff's policy defined underinsured motor vehicle pursuant to the definition as amended in 1984, and that it failed to incorporate the 2013 amended definition. Since the policy began nearly a year and a half after the 2013 amendment was to go into effect, it appears that her policy coverage is not in

---

[17] *See* Pl. Ex. A. Definitions U2 at ¶ 2 (highlighted).

[18] *See* 18 Del. C. § 3902(b)(2), 64 Laws 1984, ch. 426 (July 20, 1984).

accordance with the current definition pursuant to section 3902(b)(2).

17. Additionally, Plaintiff identifies other provisions/terms/exclusions of her insurance policy that have been previously voided by the Delaware Supreme Court. First, under Plaintiff's "Coverage Exclusions," Nationwide attempts to exclude UIM where the claim arises from occupying a motor vehicle owned by the insured, but not insured under this policy.[19] The Supreme Court, in *Frank v. Horizon Assurance Co.*, found that such a provision was void and contrary to public policy.[20] Second, Nationwide attempts to exclude from the definition of an uninsured motor vehicle "any motor vehicle owned by a government unit or agency."[21] However, this was also found to be invalid by this Court and upheld by the Supreme Court.[22]

18. Plaintiff argues that because her Nationwide auto insurance policy does not provide UIM coverage per the statute, any policy exclusion that relates to the repealed 1984 amendment does not apply. However, Plaintiff correctly states that when the section 3902(b)(2) is correctly applied, there appears to be no provision that excludes the recovery of punitive damages by one claiming UIM benefits, such as the present Plaintiff.

19. Nationwide nevertheless asserts that under Delaware law, uninsured and

---

[19] *See* Pl. Ex. A Coverage Exclusions U3 at ¶ 4 (highlighted).

[20] *Frank v. Horizon Assur. Co.*, 553 A.2d 1199, 1205 (Del. 1989).

[21] *See* Pl. Ex. A. Definitions U2 at ¶ 2 (highlighted).

[22] *See Cropper v. State Farm. Mut. Auto. Ins. Co.*, 671 A.2d 423, 427 (Del. Super. 1995), aff'd 676 A.2d 907 (Del. 1995).

*Casey Shelor v. Nationwide Mutual Ins. Co.*
C.A. No. K18C-06-043 WLW
November 7, 2019

underinsured insurance policies that contain language that clearly and unambiguously excludes coverage for punitive or exemplary damages is enforceable.[23]

20. However, the distinguishing fact in this case that sets it apart from *Price* and *Hamilton* is that in both those cases, the insurance policies were in compliance with Delaware law in terms of the coverages and definitions of certain key terms. Here, as demonstrated by Plaintiff, that is clearly not the case as her policy contains provisions and terms that were either: (1) amended by the Delaware legislature, but yet still included in the policy, or (2) found to be offensive to public policy by the Courts and thus void. As a result of this statutorily deficient insurance policy, the Court agrees that Nationwide has failed to provide any "clear [ ] and unambiguous [ ] language that excludes coverage for punitive or exemplary damages.

## CONCLUSION

Based on the above mentioned reasons, this Court **DENIES** Nationwide's motion for partial summary judgment as it pertains to Plaintiff's punitive damages claim.

IT IS SO ORDERED

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[23] *See Price v. Continental Ins. Co.*, 768 A.2d 975, 976 (Del. Ch. 2000) (Chancery Court enforced punitive and/or exemplary exclusionary language). Price was followed by this Court in *Hamilton*, 2010 WL 8250753, at *3 (Del. Super. June 24, 2010).